IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| DIANNE K. PARKER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CARVANA, LLC, BRIDGECREST<br>ACCEPTANCE CORPORATION,<br><br>　　　　　　Defendants. | Civil Action No. 5:22-cv-00090-M<br><br>**DECLARATION OF<br>JORDAN FIRMAN** |

I, Jordan Firman declare as follows:

1. I am a Senior Manager of Customer Experience at Carvana. I have been employed by Carvana since October 2018. In this capacity, I have gained personal knowledge of Carvana's business operations and procedures, including those described herein. If called upon to testify, I could and would testify to the matters set forth below.

2. Carvana, a used car retailer that sells vehicles online, is a limited liability company organized under the laws of Arizona with its principal place of business also located in Arizona.

3. On January 23, 2020, Plaintiff Dianne Parker ("Plaintiff") purchased a 2017 GMC Acadia, VIN 1GKKNKLA0HZ269217 ("Vehicle 1") from Carvana. A true and correct copy of the Retail Purchase Agreement (the "January 2020 RPA") executed by Plaintiff in connection with the purchase of Vehicle 1 is attached hereto as **Exhibit A**.

4. On January 23, 2020, Plaintiff also entered into an Arbitration Agreement with Carvana in connection with her purchase of Vehicle 1 (the "January 2020 Arbitration

Agreement"). A true and correct copy of the January 2020 Arbitration Agreement executed by Plaintiff is attached hereto as **Exhibit B**.

5. On December 3, 2020, Plaintiff purchased a 2017 Cadillac XT5, VIN 1GYKNBRS8HZ237217 ("Vehicle 2") from Carvana. A true and correct copy of the Retail Purchase Agreement ("December 2020 RPA") executed by Plaintiff in connection with the purchase of Vehicle 2 is attached hereto as **Exhibit C**.

6. As part of this purchase, Plaintiff traded in Vehicle 1 to Carvana.

7. On December 3, 2020, Plaintiff also entered into an Arbitration Agreement ("December 2020 Arbitration Agreement") with Carvana in connection with her purchase of Vehicle 2. A true and correct copy of the December 2020 Arbitration Agreement executed by Plaintiff is attached hereto as **Exhibit D**.

8. On June 3, 2021, Plaintiff purchased a 2020 Cadillac XT5, VIN 1GYKNCRS8LZ168320 ("Vehicle 3") from Carvana. A true and correct copy of the Retail Purchase Agreement ("June 2021 RPA") executed by Plaintiff in connection with the purchase of Vehicle 2 is attached hereto as **Exhibit E**.

9. As part of this purchase, Plaintiff traded in Vehicle 2 to Carvana.

10. On June 3, 2021, Plaintiff also entered into an Arbitration Agreement (the "June 2021 Arbitration Agreement") with Carvana in connection with her purchase of Vehicle 3. A true and correct copy of the June 2021 Arbitration Agreement executed by Plaintiff is attached hereto as **Exhibit F**.

11. Carvana transmits pertinent transaction documents, including contract documents and arbitration agreements, to customers for review and signature through DocuSign. Once signed

by customers, DocuSign provides the documents to Carvana, and Carvana stores the documents in a secure database as part of its ordinary course of business.

12. Plaintiff signed the January 2020 Arbitration Agreement, December 2020 Arbitration Agreement, and June 2021 Arbitration Agreement using DocuSign. The DocuSign process requires a person to review and sign an arbitration agreement or other transaction documents from his or her own unique email address.

13. The January 2020 Arbitration Agreement, December 2020 Arbitration Agreement, and June 2021 Arbitration Agreement each provided Plaintiff the right to reject the agreements within 30 days by emailing or mailing a rejection notice to Carvana.

14. Carvana has no record of receiving a rejection notice for the January 2020 Arbitration Agreement from Plaintiff.

15. Carvana has no record of receiving a rejection notice for the December 2020 Arbitration Agreement from Plaintiff.

16. Carvana has no record of receiving a rejection notice for the June 2021 Arbitration Agreement from Plaintiff.

17. Defendant Bridgecrest Acceptance Corporation was Carvana's loan servicer for Plaintiff's loans in connection with her purchase of Vehicle 2.

I declare under penalty of perjury under the laws of the State of North Carolina that the foregoing is true and correct.

Executed on: May 2, 2022

_____
Jordan Firman