IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.  5:22-CV-00090-M

| | | |
|---|---|---|
| Dianne K. Parker, | ) | |
|     Plaintiff, | ) | PLAINTIFF'S RESPONSE TO |
| v. | ) | MOTION TO COMPEL |
| Carvana, LLC; | ) | ARBITRATION |
| Bridgecrest Acceptance Corporation, | ) | |
|     Defendants. | ) | |

Now comes plaintiff, in response and objection to the defendants' Motion to Compel Arbitration and respectfully requests that the defendants' Motion be denied.

In the defendants' motion to compel arbitration, it states that the standard that the court must apply in making the decision as to whether to compel arbitration is as follows; "In order to compel arbitration under the FAA, a party must show: (1) that a dispute between the parties exists, (2) that a contract between the parties includes an arbitration provision which would seem to cover the dispute, (3) that the contract or transaction at issue involves interstate or foreign commerce, and (4) that one party refuses to arbitrate the dispute." Cook, 2010 WL 4885115 at *3 (citing Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002))." (Def. Brief, p. 4).

In the instant case, element two has not been satisfied as to any of the claims alleged in the complaint because there is not "a contract between the parties that

1

includes an arbitration provision which would seem to cover the dispute." The complaint addresses the subsequent repurchase by Carvana of two vehicles, and the forgery of the contract as to the sale to plaintiff of a third vehicle.

## A. Plaintiff's First, Second and Fourth Cause of action alleges forgery of her signature on a purported contract for the sale of the third vehicle. Therefore, no contract exists between the parties for the sale of the third vehicle.

Plaintiff's First, Second and Fourth Cause of action alleges forgery of her signature on the purported contract for the sale of the third vehicle. Therefore, no contract exists between the parties for the sale of the third vehicle.

Plaintiff has asserted three separate causes of action related to the forgery of the document that defendants Carvana and Bridgecrest are attempting to enforce and collect. In the first cause of action entitled "FRAUD – FORGERY" plaintiff alleges that "Defendant Carvana falsely made and or altered the contract and committed forgery by electronically signing the falsely made or altered contract with the plaintiff's signature without the plaintiff's knowledge, authorization, nor consent.(Comp. 23). After falsifying the document by changing the terms and forging plaintiff's signature on the document, the defendant Carvana then sent the document to the third-party financing entity, which then sought to and continues to attempt to enforce the falsified and forged document against the plaintiff. .(Comp. 25).

2

In the second cause of action entitled "UNFAIR TRADE PRACTICE –
FORGERY OF CONTRACT" plaintiff alleges that, "The defendant Carvana's
action of forging plaintiff's signature on a document and changing the terms and
then sending that document to a third party lender, to obtain the proceeds from the
lender and so that the lender will try to enforce the contract against the consumer,
is an unfair trade practice."(Comp 31).

In the fourth cause of action entitled "CIVIL CONSPIRACY – CARVANA
and BRIDGECREST ACCEPTANCE CORP" the plaintiff alleges that; "The
actions of the defendants Bridgecrest and Carvana constitutes an illegal conspiracy
against the plaintiff to commit fraud.(Comp p. 58). Bridgecrest knows of, benefits
from, and participates in the defendant Carvana's practice of committing forgery,
and of illegally changing document terms without the consent of the debtor, in this
case, the plaintiff. (Comp p. 59). The conspiracy between the defendants is that
after Carvana "assigns" the forged and illegally modified document to Bridgecrest,
and that then Bridgecrest engages in unlawful collections activities against the
debtor, in this case, the plaintiff."(Comp p. 60).

Plaintiff has asserted in this lawsuit that the defendant has forged her
signature on the document and is attempting to enforce that document against the
plaintiff by collecting payments pursuant to that forged document and by engaging
in collection activities pursuant to that forged document. A forged document that

3

does not bear the plaintiff's signature cannot be "a contract between the parties."
Therefore, the arbitration provision cannot be enforceable. Defendants contend however that if the plaintiff does not dispute the signature on the arbitration provision that it is still enforceable. But, plaintiff alleges that the contract was forged and therefore the contract is void and unenforceable as against the plaintiff regardless of whether a signed arbitration provision actually exists. It cannot exist as to the terms of a forged contract, because a forged contract is not a contract between the parties.

> **B.** **Plaintiff's Third Cause of Action alleges conduct that occurred subsequent to the completion of the contractual agreement for the sale to plaintiff of the first two vehicles. Therefore, the arbitration clause does not apply to conduct that was not covered by the terms of the contract for the sale of the first two vehicle.**

Plaintiff's Third Cause of Action alleges that subsequent to the completion of the contractual agreement for the sale of the first two vehicles, Carvana repurchased the vehicles and after the repurchase, engaged in Title Skipping in violation of the North Carolina Unfair and Deceptive Trade practice Act.

In the third cause of action entitled "UNFAIR TRADE PRACTICE – FAILURE TO REMOVE PLAINTIFF'S NAME FROM CAR TITLE OF VEHICLES PURCHASED FROM PLAINTIFF BY CARVANA" plaintiff asserts that; "The Motor Vehicle Dealers and Manufacturers Licensing Law requires that

the defendant Carvana notify the NCDMV that it has purchased a vehicle within 30 days. The purpose of the statue is to remove the vehicle from the seller's name such that the seller does not retain any liability or responsibility for the vehicle which it no longer owns.(Comp. p. 41.) The defendant Carvana however, intentionally violated the act by engaging the in a practice known as of "Title Jumping" or "Title Skipping." Carvana never notified the DMV that it had purchased the vehicle from plaintiff  because it wished to avoid paying costs associated with transferring title, thereby engaging in a practice known as "title-skipping" or "title jumping." .(Comp. p. 42.) The effect of the defendants' conduct was to cause the traded in vehicle to continue to be registered in the plaintiff's name. Plaintiff was forced to continue to pay for car insurance on the 2017 XT5 for months after June 3 2021, the date she traded it into Carvana." (Comp. p. 43.).

Plaintiff's Third Cause of Action alleges that subsequent to the completion of the contractual agreement for the first two vehicles,  Carvana engaged in the practice of title skipping by its failure to timely remove the plaintiff's name from the title of the repurchased vehicles.  The contractual relationship for the purchase of the first two vehicles by plaintiff had ended at the time that the actions alleged in this complaint occurred. Plaintiff alleges conduct in the third cause of action that was not covered by the terms of the contract for the purchase of the vehicles. Instead, it is conduct that occurred after Carvana had repurchased the vehicles from

the plaintiff. This conduct does not satisfy the second element because it does not involve a contract between the parties because the sales contract had been completed, and it does not cover the issues in the dispute. The provisions of an arbitration agreement tied to the contract for the purchase of the first two vehicles does not cover the dispute at issue here. The plaintiff only alleges conduct that occurred after Carvana had repurchased the vehicles from plaintiff.

## CONCLUSION

In the instant case, the alleged arbitration agreements do not apply to the claims asserted in this complaint. There is not a contract between the parties that includes an arbitration provision which would seem to cover any of these disputes. The complaint addresses the subsequent repurchase by Carvana of two vehicles, and the forgery of the contract as to the sale to plaintiff of a third vehicle.

Plaintiff respectfully requests that the defendants' motion to compel arbitration be denied.

This the 24th day of May 2022.

Ralph Bryant Law Firm
/s/ Ralph T. Bryant, Jr.
Ralph T. Bryant, Jr.
(N.C. State Bar No. 18119)
 313 Clifton St., Suite F
 Greenville, N.C. 27858
Phone (252) 626-3267
Fax    (252) 294-1624
ralphbryant@ralphbryantlawfirm.com

6

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Plaintiff's RESPONSE AND OBJECTION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION, with the Clerk of Court using the CM/ECF system, which will send notification of such to the following CM/ECF participants:

Ashia Crooms-Carpenter
N.C. Bar No. 54342
NELSON MULLINS RILEY &
SCARBOROUGH LLP
ashia.carpenter@nelsonmullins.com
301 South College Street / 23rd Floor
Charlotte, NC 28202
Phone: (704) 417-3000
Fax: (704) 377-4814
*Attorney for Carvana, LLC and Bridgecrest Credit Company, LLC*

This the 24th day of May 2022.

Ralph Bryant Law Firm

/s/ Ralph T. Bryant, Jr.
Ralph T. Bryant, Jr.
(N.C. State Bar No. 18119)
*Physical Address*:
 313 Clifton St., Suite F
 Greenville, N.C. 27858
*Mailing Address*:
 P.O. Box 723
 Newport, North Carolina 28570
Phone (252) 626-3267
Fax    (252) 294-1624
ralphbryant@ralphbryantlawfirm.com
www.ralphbryantlawfirm.com

7