IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00090-M

| | |
|---|---|
| DIANNE K. PARKER,<br><br>Plaintiff,<br><br>vs.<br><br>CARVANA, LLC, BRIDGECREST ACCEPTANCE CORPORATION,<br><br>Defendants. | **DEFENDANTS CARVANA, LLC AND BRIDGECREST ACCEPTANCE CORPORATION'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS (OR STAY) CASE** |

Defendants Carvana, LLC ("Carvana") and Bridgecrest Acceptance Corporation ("Bridgecrest," and together with Carvana, "Defendants"), through undersigned counsel, submit this Reply to Plaintiff Dianne K. Parker's ("Plaintiff") Response to Defendants' Motion to Compel Arbitration and Dismiss (or Stay) Case.

**ARGUMENT**

**I. PLAINTIFF SHOULD BE COMPELLED TO ARBITRATION UNDER THE FAA.**

Plaintiff concedes that the FAA governs the Retail Purchase Agreements, which incorporates the Arbitration Agreements by reference, at issue in this matter. (*See generally*, Pl.'s Resp., ECF No. 17). Plaintiff further concedes that Defendants have satisfied three of the four elements to compel arbitration under the FAA. (*Id.* at 1). Plaintiff only disputes the second element, arguing "there is not 'a contract between the parties that includes an arbitration provision which would seem to cover the disputes.'" (*Id.* at 1-2). Plaintiff's argument is twofold. First, Plaintiff argues that no contract exists between the parties for the sale of the third vehicle purchased from Carvana because Carvana allegedly forged Plaintiff's signature on the June 3, 2021 Retail

1

Installment Contract and Security Agreement ("RIC"). (*Id.* at 2). Second, Plaintiff argues that the arbitration agreement does not cover the alleged "title jumping" or "title skipping" by Carvana because the act occurred after the sales contract had been completed. (*Id.* at 6). Both arguments are flawed and ignore the existence of the Retail Purchase Agreements and the clear language of the Arbitration Agreements, both of which Plaintiff does not dispute she signed. (*See generally* Compl., ECF No. 1). Because the Arbitration Agreements (which are incorporated by reference in the Retail Purchase Agreements) cover the claims asserted in Plaintiff's Complaint and Defendants have elected to arbitrate, arbitration is the exclusive venue.

### A. There is a valid contract between the parties for the sale of Vehicle 3.

Plaintiff's claims under Count I (Fraud – Forgery), Count II (Unfair Trade Practice – Forgery of Contract), and Count IV (Civil Conspiracy) all relate to an alleged forgery of the financing terms in connection with the third vehicle purchased from Carvana on June 3, 2021, the 2020 Cadillac XT5 bearing vehicle identification number ("VIN") 1GYKNCRS8LZ168320 ("Vehicle 3"). (*See* ECF No. 1; ECF No. 17 at 2). Plaintiff alleges that Carvana forged her signature and otherwise altered the June 3, 2021 RIC relating to the financing of Vehicle 3. (ECF No. 17 at 2-3; ECF No. 1 at ¶ 15). Plaintiff argues that due to the alleged forgery of the June 3, 2021 RIC, there is no valid contract between Plaintiff and Defendants and "[t]herefore, the arbitration provision cannot be enforceable." (ECF No. 17 at 4). Plaintiff's emphasis on the June 3, 2021 RIC, however, is misplaced.[1] Plaintiff's claims under Counts I, II, and IV are covered by

---

[1] By addressing the irrelevance of forgery issue on the ultimate decision of the arbitrability of Plaintiff's claims, Defendants are not waiving their right to have the issue decided by a summary evidentiary hearing under 9 U.S.C. § 4 if the Court determines the issue is relevant to the arbitration decision. *See Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997) ("If the court determines that an agreement exists and that the dispute falls within the scope of the agreement, it then must refer the matter to arbitration without considering the merits of the dispute"; "[a]ll other issues raised before the court not relating to these two determinations fall within the ambit of

the **June 3, 2021 Retail Purchase Agreement ("RPA")**, which Plaintiff does not dispute she signed. (*See* ECF No. 1; Decl. of Jordan Firman, Ex. E, ECF Nos. 14-6). Thus, because there is no despite as to the validity of the June 3, 2021 RPA which incorporates the Arbitration Agreement by reference, there is a valid contract between the parties for the purchase of Vehicle 3 and, therefore, Plaintiff's claims are subject to arbitration.

Furthermore, even assuming arguendo, that the facts were as Plaintiff contends, the result is the same: Plaintiff's claims are subject to arbitration. The Arbitration Agreement clearly states that a "Claim" subject to arbitration means any dispute between the parties "arising from or related to one or more of the following: (a) The Contract; (b) The vehicle or the sale of the vehicle … (f) The financing terms … (h) The origination and servicing of the Contract…." (Decl. of Jordan Firman, Ex. F, ECF No. 14-7 at 3). The Arbitration Agreement defines "Contract" to mean **both** the RPA and the RIC. (*Id.* at 2). As stated *supra*, Counts I, II and IV are premised on Plaintiff's allegations that Carvana increased the monthly payments and forged Plaintiff's signature to the June 3, 2021 RIC. (ECF No. 17 at 2-3; ECF No. 1 ¶ 15). These allegations about the financing terms and other changes to the "Contract" clearly fall within the purview of Arbitration Agreement and as such, each of these claims are subject to arbitration.

> **B.** **The January 23, 2020 and December 3, 2020 RPAs and Arbitration Agreements Cover Count III of Plaintiff's Complaint.**

Plaintiff's second argument fares no better. Plaintiff argues that any contractual relationship between Plaintiff and Carvana created in connection with Plaintiff's respective purchases of the 2017 GMC Acadia bearing VIN 1GKKNKLA0HZ269217 ("Vehicle 1") and

---

'procedural arbitrability'" and "because procedural questions are often inextricably bound up with the merits of the dispute, procedural questions should be decided by the arbitrator along with the merits.").

3

2017 Cadillac XT5 bearing VIN 1GYKNBRS8HZ237217 ("Vehicle 2") from Carvana "ended" upon Carvana's repurchase of the respective vehicles, and therefore, does not cover events that took place subsequently, including the facts giving rise to Count III (Unfair Trade Practice – Failure to Remove Plaintiff's Name from Car Title of Vehicles Purchased from Plaintiff by Carvana). (*See* ECF No. 17 at 4-5). Despite Plaintiff's best attempt to deem the contractual relationship between Plaintiff and Carvana "completed", no such end to the contractual relationship occurred. Indeed, Plaintiff neither cited to a provision in the respective RPAs or Arbitration Agreements that provided for such termination nor cited to any case law in support of this proposition. (*See generally*, ECF No. 17). In short, the effective RPAs and incorporated Arbitration Agreements apply to any claim between Plaintiff and Carvana related to the respective vehicles, and, therefore, cover Count III.

On January 23, 2020, Plaintiff purchased Vehicle 1 from Carvana and executed the RPA and incorporated Arbitration Agreement. (*See* Decl. of Jordan Firman, Exs. A-B, ECF Nos. 14-2 – 14-3). On December 3, 2020, Plaintiff purchased Vehicle 2 from Carvana and executed the RPA and incorporated Arbitration Agreement. (*See* Decl. of Jordan Firman, Exs. C-D, ECF Nos. 14-4 – 14-5). The Arbitration Agreements incorporated by reference in the January 23, 2020 RPA and December 3, 2020 RPA contain language identical to the June 3, 2021 Arbitration Agreement discussed above and state that a "Claim" subject to arbitration means any dispute between the parties "arising from or related to one or more of the following: (a) The Contract; (b) The vehicle or the sale of the vehicle…(f) The financing terms … (h) The origination and servicing of the Contract…." (ECF Nos. 14-3, 14-5, 14-7 at 3). The plain language of the Arbitration Agreement makes clear that any claim relating to the respective "vehicle" is subject to arbitration.

Here, Plaintiff's claims in Count III are undoubtedly related to "Vehicles" 1 and 2 as Plaintiff alleges that Carvana failed to report the purchase of the respective vehicles that would trigger the removal of Plaintiff's name from title for each vehicle. (ECF No. 17 at 5). Thus, the second element requiring "a contract between the parties [to] include[] an arbitration provision which would seem to cover the dispute" is satisfied and Plaintiff should be compelled to arbitrate. *Cook*, 2010 WL 4885115 at *3 (citing *Adkins v. Labor Ready, Inc.,* 303 F.3d 496, 500-01 (4th Cir. 2002)).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Compel Arbitration and Dismiss or Stay the Case.

Respectfully submitted this 7th day of June, 2022.

                                             */s/Ashia Crooms-Carpenter*
                                             Ashia Crooms-Carpenter
                                             NELSON MULLINS RILEY & SCARBOROUGH LLP
                                             301 South College Street / 23rd Floor
                                             Charlotte, NC 28202
                                             (704) 417-3000
                                             Fax: (704) 377-4814
                                             ashia.capenter@nelsonmullins.com
                                             NC State Bar No. 54342

                                             *Attorney for Defendants Carvana, LLC and Bridgecrest Acceptance Corporation*

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.2(f), the Rules of this Court, I certify that this REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS CARVANA, LLC AND BRIDGECREST ACCEPTANCE CORPORATION'S MOTION TO COMPEL ARBITRATION AND DISMISS (OR STAY) CASE, which was prepared using Times New Roman 12-point typeface, contains 1,324 words, excluding the parts of the document that are exempted by Rule 7.3(f)(1). This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 7th day of June 2022.

*/s/Ashia Crooms-Carpenter*
Ashia Crooms-Carpenter
N.C. Bar No. 54342
NELSON MULLINS RILEY &
SCARBOROUGH LLP
ashia.carpenter@nelsonmullins.com
301 South College Street / 23rd Floor
Charlotte, NC 28202
Phone: (704) 417-3000
Fax: (704) 377-4814

***Attorney for Carvana, LLC and Bridgecrest Acceptance Corporation***

6

Case 5:22-cv-00090-M   Document 19   Filed 06/07/22   Page 6 of 7

**CERTIFICATE OF SERVICE**

    I, Ashia Crooms-Carpenter, hereby certify that, on June 7, 2022 a true and correct copy of the foregoing was served upon Ralph T. Bryant, Jr. using the Court's CM/ECF System:

Ralph T. Bryant, Jr.
313 Clifton St., Suite F
Greenville, NC 27858
ralphbryant@ralphbryantlawfirm.com

*Attorney for Plaintiff*

This 7th day of June, 2022.

            */s/Ashia Crooms-Carpenter*
            **Attorney for Carvana, LLC and**
            **Bridgecrest Acceptance Corporation**